In the Matter of the Accounting of ARTHUR S. REYNOLDS, as Executor of ETTA F. BURCHAM, as Executrix of DAVID FREDENBURGH, Deceased, Appellant.

HARRY PECKHAM, Respondent.

*Appeal — order reversing decree of surrogate and remitting matter to him for further consideration not a final order and not reviewable in Court of Appeals.*

Where, in a proceeding for the construction of a will, the surrogate held that testator's wife was the owner of the fee, but the Appellate Division, holding that she had a life estate only, reversed the decree and remitted the matter to the surrogate for further consideration, the order of the Appellate Division is not a final order and is not reviewable in the Court of Appeals.

*Matter of Fredenburgh,* 198 App. Div. 394, appeal dismissed.

(Argued April 18, 1922; decided May 2, 1922.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered

January 9, 1922, which reversed a decree of the Delaware County Surrogate's Court construing the will of David Fredenburgh, deceased.

*Robert B. Craft* for appellant.

*Leonard A. Govern* for respondent.

*Per Curiam.* The order of the Appellate Division is not a final order, and is not reviewable in this court.

In a proceeding for the construction of a will the question to be determined was the proper division of the estate on the death of the testator's wife. The surrogate held that she was the owner of the fee. The Appellate Division held that she had a life estate only. It thereupon made an order that the decree be " reversed and the matter remitted to the surrogate for further consideration, with costs to the appellant to abide event."

The life estate having ended, the surrogate has yet to determine the parties entitled to the remainder, and their proportionate shares upon division. The order of the Appellate Division does not solve the problem for him, but leaves it open and unsettled. Whether it is a simple. or a difficult one, is not the point. Its solution involves the discharge of duties which are more than ministerial.

The appeal should be dismissed with costs.

Hiscock, Ch. J., Hogan, Cardozo, Pound, McLaughlin, Crane and Andrews, JJ., concur.

Appeal dismissed.